# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

IN RE WELLS FARGO COLLATERAL PROTECTION INSURANCE LITIGATION

Case Number: 8:17-ML-2797-AG-KES

**[P~~ROPOSED~~] PROTECTIVE ORDER**

Hon. Andrew J. Guilford

## 1. PURPOSE AND LIMITS OF THIS ORDER

Discovery in this action is likely to involve confidential, proprietary, commercially sensitive and/or private information requiring special protection from public disclosure and from use for any purpose other than this litigation. Thus, the Court enters this Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable standards identified herein. This Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the parties must comply with L.R. 79-5.1 if they seek to file anything under this Order.

## 2. DEFINITIONS

**2.1** "CONFIDENTIAL" means and refers to Discovery Material that contains or reflects confidential, non-public, proprietary, commercially sensitive, and/or private information of an individual or entity.

**2.2** "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or any disclosures in this case.

**2.3** "CONFIDENTIAL- PII" means personally identifying information ("PII"), and refers to Discovery Material that the Producing Party claims in good faith constitutes confidential personally identifying information including social security numbers, account numbers, tax identification numbers, and personal addresses and telephone numbers.

**2.4** "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party, and (ii) attorneys associated with such counsel to whom it is reasonably necessary to disclose the information for purposes of this litigation.

**2.5** "Party" means any party to this case, including all of its officers, directors, employees.

**2.6** "Producing Party" means any Party or other third-party entity that discloses or produces any Discovery Material in this case.

**2.7** "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL" or 'CONFIDENTIAL-PII", as provided for in this Order, as well as any information copied or extracted therefrom.

**2.8** "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

## 3. DESIGNATING PROTECTED MATERIAL

**3.1 Over-Designation Prohibited**. Any Producing Party who designates Discovery Material for protection under this Order as "CONFIDENTIAL or CONFIDENTIAL-PII" (a "designator") must only designate specific material that qualifies under the appropriate standards provided for herein. To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated. Designations with a higher confidentiality level when a lower level would suffice are prohibited. Mass, indiscriminate, or routinized designations are prohibited. Unjustified designations expose the designator to sanctions, including the Court's striking all confidentiality designations made by that designator. Designation under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm. Material may not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy interest. If a designator learns that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designator must promptly notify all parties that it is withdrawing the mistaken designation.

**3.2 Manner and Timing of Designations**. Designation under this Order requires the designator to affix the applicable legend, "CONFIDENTIAL or CONFIDENTIAL-PII" to each document that contains protected material, prior to the production. For testimony given in deposition or other proceeding, the designator shall

specify all protected testimony. It may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to 21 days from the deposition or proceeding to make its designation.

**3.2.1** A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has identified which material it would like copied and produced. During the inspection and before the designation, all material shall be treated as CONFIDENTIAL. After the inspecting party has identified the documents it wants copied and produced, the Producing Party must designate the documents, or portions thereof, that qualify for protection under this Order.

**3.2.2** Parties shall give advance notice, where practicable, if they expect a deposition or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals are present at those proceedings when such material is disclosed or used. The use of a document as an exhibit at a deposition shall not in any way affect its designation. Transcripts containing Protected Material shall have a legend on the title page noting the presence of Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted. The designator shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 21 day period for designation shall be treated during that period as if it had been designated CONFIDENTIAL unless otherwise agreed. After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

**3.3** **Inadvertent Failures to Designate**. An inadvertent failure to designate does not, standing alone, waive protection under this Order. Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order.

4

[PROPOSED] PROTECTIVE ORDER

## 4. CHALLENGING CONFIDENTIALITY DESIGNATIONS

**4.1** All challenges to confidentiality designations shall proceed under L.R. 37-1 through L.R. 37-4. In any judicial proceeding challenging a confidentiality designation, the burden of persuasion with respect to the propriety of the confidentiality designation shall remain upon the designator.

**4.2** A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

**4.3** Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Protective Order until one of the following occurs: (a) the party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

## 5. ACCESS TO PROTECTED MATERIAL

**5.1 Basic Principles.** A Receiving Party may use Protected Material only for this litigation. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

**5.2 Secure Storage.** Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**5.3 Limitations.** Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) that was previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to

Order of the Court.

**5.4 Disclosure of CONFIDENTIAL Material Without Further Approval.**

Unless otherwise ordered by the Court or permitted in writing by the designator, a Receiving Party may disclose any material designated CONFIDENTIAL only to:

**5.4.1** The Parties themselves, corporate officers and key employees of the Parties who have responsibility for directing or assisting litigation counsel in connection with this action;

**5.4.2** The Receiving Party's in-house or Outside Counsel of record in this action and employees of Outside Counsel of record to whom disclosure is reasonably necessary;

**5.4.3** The officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**5.4.4** Experts or consultants retained by the Receiving Party's Outside Counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**5.4.5** The Court and its personnel;

**5.4.6** Outside court reporters and their staff, professional jury or trial consultants, and professional vendors, and private mediators, to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**5.4.7** Deposition and trial witnesses in the action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound (Exhibit A);

**5.4.8** The author or recipient of a document containing the material, or a custodian or other person who likely would have reviewed such document, who is identified in the document, or who reasonably would be expected to have otherwise possessed or known the information discussed in the document;

**5.4.9** Individuals who participate in a focus group or mock jury and who have signed the Agreement to Be Bound (Exhibit A); and

**5.4.10** Any individual(s) who the designator agrees may access the Protected Material or to whom the Court compels access to the Protected Material, and who have signed the Agreement to Be Bound (Exhibit A).

**5.4.11** Unless otherwise ordered by the Court or permitted in writing by the designator, a Receiving Party may disclose any material designated CONFIDENTIAL-PII only to the persons listed in paragraphs 5.4.2, 5.4.4, 5.4.5, 5.4.6, and 5.4.7 or to others to whom the Producing Party has consented disclosure. Notwithstanding the above, the Receiving Party shall make a good faith effort to limit the disclosure of material designated CONFIDENTIAL-PII to the greatest extent possible, including only disclosing it to the persons identified in this paragraph to the extent that it is reasonably necessary. In addition, a Receiving Party may disclose material designated CONFIDENTIAL-PII to a party if the PII contained in the material is that party's own PII.

## 6. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

**6.1 Subpoenas and Court Orders.** This Order in no way excuses non-compliance with a lawful subpoena or court order. The purpose of the duties described in this section is to alert the interested parties to the existence of this Order and to give the designator an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

**6.2 Notification Requirement.** If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL or CONFIDENTIAL - PII that party must:

**6.2.1** Promptly notify the designator in writing. Such notification shall include a copy of the subpoena or court order;

**6.2.2** Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

**6.2.3** Cooperate with all reasonable procedures sought by the designator

whose material may be affected.

**6.3** **Wait for Resolution of Protective Order.** If the designator timely seeks a **protective** order, the party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL or CONFIDENTIAL-PII before a determination by the court where the subpoena or order issued, unless the party has obtained the designator's permission. The designator shall bear the burden and expense of seeking protection of its confidential material in that court.

## 7. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the designator of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit A). Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

## 8. <u>PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

**8.1** The production of documents (including both paper documents and electronically stored information) subject to a claim of protection by the attorney-client, the Bank Examination privilege and/or protected by the work-product, joint defense or other similar doctrine, or by another legal privilege protecting information from discovery, shall not constitute a waiver of any claim of privilege or other protection, provided that the Producing Party notifies the Receiving Party, in writing, of the production after its discovery of the same.

**8.2** If the Producing Party notifies the Receiving Party after discovery that

8

privileged materials (hereinafter referred to as the "Identified Materials") have been produced, the Identified Materials and all copies of those materials shall be returned to the Producing Party, destroyed, deleted, or segregated and sequestered pending a determination by the Court on the Producing Party's claim of privilege or protection, if one is sought. If the Receiving Party has any notes or other work product reflecting the contents of the Identified Materials, the Receiving Party will not review or use those materials, except in connection with a proceeding challenging the claim of privilege or protection, unless a court later designates the Identified Materials as not privileged or protected.

    **8.3** The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made, unless a court later designates the Identified Materials as not privileged or protected.

    **8.4** If any Receiving Party is in receipt of a document from a Producing Party which the Receiving Party has reason to believe is privileged, the Receiving Party shall in good faith take reasonable steps to promptly notify the Producing Party of the production of that document so that the Producing Party may make a determination of whether it wishes to have the documents returned or destroyed pursuant to this Stipulated Protective Order.

    **8.5** A Receiving Party may move the Court for an order compelling production of some or all of the material returned or destroyed, but the basis for such a motion may not be the fact or circumstances of the production.

    **8.6** The parties agree that this Order is an Order entered under Rule 502(d) of the Federal Rules of Evidence and thus the disclosure of Identified Materials is not a waiver of the privilege in any other federal or state proceeding. This stipulated agreement set forth in this section and its subparts does not constitute a concession by any party that any documents are subject to protection by the attorney-client privilege, the work product doctrine or any other potentially applicable privilege or doctrine. This agreement also is not intended to waive or limit in any way either party's right to contest any privilege or

9

[PROPOSED] PROTECTIVE ORDER

protection claims that may be asserted with respect to any of the documents produced except to the extent stated in the agreement.

## 9. FILING UNDER SEAL

Without written permission from the designator or a Court order, a party may not file in the public record in this action any Protected Material.  A party seeking to file under seal any Protected Material must comply with L.R. 79-5.1.  Filings may be made under seal only pursuant to a court order authorizing the sealing of the specific material at issue.  The fact that a document has been designated under this Order is insufficient to justify filing under seal.   Instead, parties must explain the basis for confidentiality of each document sought to be filed under seal.  Because a party other than the designator will often be seeking to file Protected Material, cooperation between the parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential. If *a Receiving Party's* request to file Protected Material under seal pursuant to L.R. 79-5.1 is denied by the Court, then the Receiving Party *may file the material in the public record* unless (1) *the designator* seeks reconsideration within four days of the denial, or (2) as otherwise instructed by the Court. Absent written permission from the Producing Party or a court Order denying a motion to seal, a Receiving Party may not file in the public record any Protected Material.

The use of Protected Material during the pre-trial hearing shall be determined by agreement of the parties or by Order of the Court.

## 10. SHIPPING PROTECTED MATERIAL

When any Receiving Party ships by U.S. Mail, Federal Express, UPS, or other courier delivery service, any Discovery Material to others designated in this Order as authorized to receive Discovery Material, the Receiving Party will encrypt any electronic data (if the Discovery Material is in that format) and supply the password in separate correspondence to the recipient.  If the Discovery Material is in hard copy/paper form, the Receiving Party will ship the Discovery Material using secure packaging tape via Federal Express or UPS and retain a tracking number for the materials.  If the Receiving party

learns at any time that Discovery Material may have been retrieved or viewed by unauthorized parties during shipment, it will immediately notify the Producing Party and take all reasonable measures to retrieve the improperly disclosed Discovery Material.

## 11. **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, each party shall return all Protected Material to the designator or destroy such material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any Protected Material. The Receiving Party must submit a written certification to the designator by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. This provision shall not prevent counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies remain subject to this Order.

IT IS SO ORDERED.

DATED: January 09, 2018     _____
                            Karen E. Scott, United States Magistrate Judge

11
[PROPOSED] PROTECTIVE ORDER

# EXHIBIT A

## AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of IN RE WELLS FARGO COLLATERAL PROTECTION INSURANCE LITIGATION, 8:17-ML-2797-AG-KES. I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date:_____

City and State where sworn and signed: _____

Printed name:_____

[printed name]

Signature:_____

[signature]