1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE WELLS FARGO COLLATERAL PROTECTION INSURANCE LITIGATION | Case No. 8:17-ML-2797-AG-KES<br><br>**[PROPOSED] ORDER RE PROTOCOL FOR COMMON BENEFIT WORK AND EXPENSES**<br><br>Hon. Andrew J. Guilford |

In the Court's Case Management Order (Dkt. No. 35), the Court appointed Plaintiffs' Co-Lead Counsel, the Plaintiffs' Steering Committee ("PSC") and Liaison Counsel. In doing so, the Court "emphasize[d] the need for all leadership counsel who wish to be compensated for their work on behalf of all Plaintiffs to keep clear and accurate records. Lead counsel must also avoid duplication of work and unnecessary or inefficient practices." (Dkt. No. 35 at p. 2). In accordance with the Court's directive, Co-Lead Counsel seek entry of this Order which sets specific guidelines and rules for work done and expenses incurred for the common benefit of all Plaintiffs in this MDL.

## I.     Adoption of Case Management Protocols for Common Benefit Work

The Court hereby adopts the following guidelines for the management of case-staffing, timekeeping, cost reimbursement, and related common benefit issues. The recovery of common benefit attorneys' fees and cost reimbursements will be limited to "Participating Counsel." "Participating Counsel" shall be defined as Co-Lead Counsel, Liaison Counsel and members of

the PSC (along with members and staff of their respective firms), any other counsel authorized by Co-Lead Counsel to perform work that may be considered for common benefit compensation, and/or counsel who have been specifically approved by this Court as Participating Counsel prior to incurring any such cost or expense.

Eligibility does not pre-determine payment.  If and to the extent that this litigation is certified as a class action under Fed. R. Civ. P. 23 for purposes of resolution and/or trial, any award of fees and costs for common benefit work will be governed by the standards and procedures of Rule 23, including Rule 23(h), and shall be subject to the Court's approval.

Participating Counsel shall be eligible to receive common benefit attorneys' fees and reimbursement of costs and expenses only if the time expended, costs incurred, and activity in question were (a) for the common benefit of Plaintiffs; (b) timely submitted; and (c) reasonable. The Court retains its authority to evaluate any time, costs, or expenses submitted by counsel for reasonableness.

Co-Lead Counsel will be responsible for collecting and reviewing monthly common benefit time and expense submissions from Participating Counsel, and informing Participating Counsel when their submissions do not comply with the directives set forth in this Order.

In the event that Participating Counsel are unsure if the action they are about to undertake is considered Common Benefit Work, they shall ask Co-Lead Counsel in advance as to whether such time may be compensable.

### A.   Compensable Common Benefit Work

"Common Benefit Work" includes all work done and expenses incurred at the direction of Co-Lead Counsel that inure to the common benefit of Plaintiffs in this MDL.

Examples of compensable and non-compensable work include, but are not limited to: investigations and factual research; case management and litigation strategy; discovery including document review and depositions; pleadings, briefs and legal research; court appearances and preparation; identification and work-up of experts and consultants; class certification; trial and trial preparation; and appellate work.

[PROPOSED] ORDER RE PROTOCOL FOR
COMMON BENEFIT WORK AND EXPENSES

**B.**     **Travel Limitations**

Only reasonable expenses will be reimbursed.  Except in unusual circumstances approved by Co-Lead Counsel, all travel reimbursements are subject to the following limitations:

- **Airfare:** For routine domestic flights, only the price of a refundable and convenient coach fare seat or its equivalent will be reimbursed.  For transcontinental flights with a total duration exceeding four hours, business class, or if business class is not available, first class, may be reimbursed at Co-Lead Counsel's discretion.

- **Hotel:** Hotel room charges for the average available room rate of a reasonable business hotel will be reimbursed.

- **Meals:** Meal expenses must be reasonable.

- **Cash Expenses:** Miscellaneous cash expenses for which receipts generally are not available (e.g., tips, luggage handling) will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

- **Automobile Rental:** Automobile rentals must be reasonable for the date and location of the rental.

- **Mileage:** Mileage claims must be documented by stating origination point, destination, and total actual miles for each trip. The rate will be the maximum rate allowed by the Internal Revenue Service.

Unusually high airfare, hotel, meal and automobile rental expenses may be reviewed by Co-Lead Counsel and disallowed.

**C.**     **Non-Travel Limitations**

- **Telephone Charges, Shipping and Courier Charges, and Postage:** Common benefit telephone charges (long distance, conference call, and cellular), shipping and courier charges, and postage are to be reported at actual cost.

- **Fax Charges:** Common benefit fax charges shall not exceed $0.50 per page.

- **In-House Photocopy:** The maximum charge for common benefit in-house copies is $0.15 per page.

- **Computerized Research – Lexis, Westlaw, or Bloomberg:** Claims for Lexis, Westlaw, Bloomberg, or other computerized legal research expenses should be in the actual amount charged to the firm and appropriately allocated for these research services.

- 3 -

1   No entry should contain more than one category of expense when practical, and no entry

2   should have more than one expense category code assigned to it.

3   Similarly, when practical, no listed expense entry should include expenses incurred by

4   more than one person.  If multiple people incur the same expense for the same category, then

5   generally there should be a separate entry for each person, unless a single person paid the expense

6   for multiple people. Every expense entry should be as detailed and specific as reasonably

7   practical. Expense entries without sufficient detail may be rejected at Co-Lead Counsel's

8   discretion.  Attorneys shall maintain receipts for all expenses and provide such receipts to Co-

9   Lead counsel as requested.

10  **D.**     **Common Benefit Timekeeping Protocols**

11       **1.**     **Recording Requirements**

12  All time must be accurately and contemporaneously maintained.  Participating Counsel

13  shall keep contemporaneous billing records of the time spent in connection with Common Benefit

14  Work on this MDL, indicating with specificity the hours (in tenth-of-an-hour increments) and

15  billing rate, along with a description of the particular activity (such as "conducted deposition of

16  John Doe").  Descriptions must bear sufficient detail to identify the precise task and how it related

17  to Common Benefit Work.  Block billing is prohibited.

18  Each time entry must be categorized using one of the categories in Exhibit A.  In general,

19  when possible, a more specific category should be used in place of a more general category.

20  Under no circumstances should a submitting firm make up new categories for use in its

21  submission.

22  Submitting firms shall direct all questions regarding particular timekeeping categories to

23  Co-Lead Counsel.  Under no circumstances should a submitting firm make up new categories for

24  use in its submission.

25       **2.**     **Hourly Rates**

26  Subject to the hourly rate caps below, Participating Counsel shall record their then-present

27  hourly rates for all attorneys and staff.  Although counsel may seek an award of fees based on

28  their hourly rate at the time a settlement or judgment is reached to account for the delay in

payment,[1] their billing records shall be prepared and recorded at the then-present rates in monthly time reports submitted to Co-Lead Counsel.  Participating Counsel shall not bill a rate other than their standard rates at the time the work is performed.  Use of these rates does not guarantee their payment.

The following hourly rates shall apply to all Participating Counsel in this action: (1) billing rates for partners shall be capped at $800/hour (including for attorneys who have been approved at much higher rates in other litigation); (2) billing rates for associates shall be set between $350/hour and $550/hour depending on customary rates and seniority; (3) billing rates for document review attorneys shall be capped at $300/hour, and (4) billing rates for paralegals and assistants shall be set between $175/hour and $325/hour based on customary rates and seniority.

Participating Counsel may use junior associates, contract and staff attorneys for initial document analysis and coding; mid-level associates, contract and staff attorneys for higher level analysis and coding; and senior attorneys (including partners, as necessary) for top-tier analysis and quality control.  Lawyers who perform initial document analysis and coding will be billed at an hourly rate consistent with the market rate for junior associates.

### E.    Common Benefit Expenses Protocol

#### 1.    Shared Costs

"Shared Costs" are costs incurred for the common benefit of Plaintiffs in this MDL as a whole.  Shared Costs will be paid out of the Litigation Fund administered by Co-Lead Counsel and must be approved by Co-Lead Counsel prior to payment.  Liaison Counsel and each PSC member shall contribute to the Fund at times and in amounts sufficient to cover Plaintiffs' expenses for the administration of this MDL.  The timing and amount of each assessment will be determined by Co-Lead Counsel, and each assessment will be paid within 14 days as instructed by Co-Lead Counsel.  Failure to pay assessments will be grounds for removal from the

---

[1] The use of a current hourly rate for all hours billed is a permissible way to account for delay in payment.  *See, e.g.*, *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 109 F.3d 602, 609 (9th Cir. 1997); *In re Washington Public Power Supply Systems Sec. Litig.*, 19 F.3d 1291, 1305 (9th Cir. 1994).

1    appointments made in previous Court Orders or other common benefit assignments.

2             **2.    Held Costs**

3        "Held Costs" are those that will be carried by each attorney in this MDL and reimbursed

4    as and when Co-Lead Counsel determines to do so.  Held Costs are those that do not fall into the

5    above Shared Costs categories but are incurred for the common benefit of all plaintiffs in this

6    MDL.  No client-specific costs can be considered Held Costs, other than certain Common Benefit

7    costs relating to class representatives at the discretion of Co-Lead Counsel.  Held Costs shall be

8    recorded in accordance with the guidelines set forth herein and on the form provided as Exhibit B

9    hereto.  Held Costs shall be subject to the travel and administrative limitations set forth in this

10   Order.

11            **F.    Protocols for Submission of Time and Expenses**

12       Time submissions shall be made to Co-Lead Counsel on a monthly basis, by deadlines

13   and in accordance with the guidelines set forth herein.  The first submission is due on February

14   15, 2018 and should include all time and expense from inception of work on Wells Fargo CPI-

15   related litigation through January 31, 2018.  After this first submission, each monthly submission

16   should include all common benefit time and expenses incurred from the first to the last day of the

17   preceding month (e.g., the submission due March 15, 2018, should contain all common benefit

18   time and expenses incurred from February 1, 2018, through February 28, 2018).

19       Although counsel should endeavor to submit all common benefit expenses incurred in a

20   certain month in the submission made on the 15th of the next month, the realities of third-party

21   billing and credit card statement schedules may make such quick expense submission difficult in

22   some circumstances.  Thus, submissions of "supplemental" common benefit expense reports will

23   be permitted for those expenses incurred during the previous six months that—because of

24   circumstances outside the submitting counsel's control—could not have been submitted by the

25   deadline.

26

27

28

**IT IS SO ORDERED**.

Dated: _____, 2018

_____
ANDREW J. GUILFORD
United States District Judge

1    Dated: January 18, 2018          Respectfully submitted,

2
                                      BARON & BUDD P.C.
3

4                                     By: */s/ Roland Tellis*
                                          Roland Tellis
5
                                      15910 Ventura Boulevard, Suite 1600
6                                     Encino, CA  91436
                                      Telephone: 818.839.2320
7                                     Facsimile:  818.986.9698
                                      Email:  rtellis@baronbudd.com
8
                                      ROBINS KAPLAN LLP
9

10                                    By: */s/Roman M. Silberfeld*
                                          Roman M. Silberfeld
11
                                      2049 Century Park East, Suite 3400
12                                    Los Angeles, CA  90067
                                      Telephone: 310.552.0130
13                                    Facsimile:  310.229-5580
                                      Email:  rsilberfeld@robinskaplan.com
14

15                                    *Plaintiffs' Co-Lead Counsel*

16

17

18

19

20

21

22

23

24

25

26

27

28
                                      - 8 -
                                              [PROPOSED] ORDER RE PROTOCOL FOR
                                              COMMON BENEFIT WORK AND EXPENSES

**Exhibit A to Common Benefit Time & Expense Protocol**

*In Re Wells Fargo Collateral Protection Insurance Litigation*

**Time Report**

Firm Name: _____

Reporting Period:          _____

| **Categories:** 1. Investigations and Factual Research; 2. Case Management and  Litigation Strategy; 3. Discovery (including document review); 4. Pleadings, Briefs and Legal Research; 5. Court Appearances and Preparation; 6. Experts/Consultants; 7. Class Certification;    8. Trial & Preparation; 9. Appeal; 10. Settlement; 11. Miscellaneous (describe) |
| --- |

| Last Name, First Name | Professional level: Partner (PT), Associate (A), Contract (C), or Paralegal (PR) | Date of Service: | Category Code: | Category Name: | Detailed Description of Work performed: | Billing Rate: | Time spent (by 0.1 increments) | Fees Total: |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

**Exhibit B to Common Benefit Time & Expense Protocol**
*In Re Wells Fargo Collateral Protection Insurance Litigation*
**Expense Report**

**Firm Name:**
**Reporting Period:**

| Disbursement | Current Amount | Prior Amount | Cumulative Amount |
|---|---|---|---|
| Assessment Fees | | | |
| Federal Express/Local Courier, etc. | | | |
| Postage Charges | | | |
| Facsimile Charges | | | |
| Long Distance | | | |
| In-House Photocopying | | | |
| Outside Photocopying | | | |
| Hotels | | | |
| Meals | | | |
| Mileage | | | |
| Air Travel | | | |
| Deposition Costs | | | |
| Lexis/Westlaw | | | |
| Court Fees | | | |
| Witness/Expert Fees | | | |
| Investigation Fees/Service Fees | | | |
| Transcripts | | | |
| Ground Transportation (i.e., Rental, Taxis, etc.) | | | |
| Miscellaneous (Describe) | | | |
| | | | |
| **TOTAL** | $            - | | $            - |