# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| IN RE WELLS FARGO COLLATERAL PROTECTION INSURANCE LITIGATION | Case Number: 8:17-ML-2797-AG-KES<br><br>[PROPOSED] AMENDED ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND CLASS NOTICE<br><br>Date: August 5, 2019<br>Time: 10:00 am<br>Courtroom: 10D<br><br>Hon. Andrew J. Guilford |

# [PROPOSED] AMENDED ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND CLASS NOTICE

WHEREAS, a class action lawsuit is pending before this Court entitled *In re Wells Fargo Collateral Protection Insurance Litigation*, Case No. 8:17-ML-2797-AG-KES (the "Action");

WHEREAS, on or about April 4, 2019, Plaintiffs Angelina Camacho, Odis Cole, Nyle Davis, Duane Fosdick, Regina-Gonzalez Phillips, Brandon Haag, Paul Hancock, Dustin Havard, Brian Miller, Analisa Moskus, Keith Preston, Victoria Reimche, Dennis Small, and Bryan Tidwell ("Plaintiffs"), suing individually and as the representatives of a class, executed a Confidential Term Sheet with Defendants Wells Fargo & Company and Wells Fargo Bank, N.A. ("Wells Fargo") and National General Holdings Corp. and National General Insurance Company ("National General"[1]) (collectively, the "Parties") concerning claims asserted in the Action;

WHEREAS, on June 4, 2019, the Parties entered into a Class Action Settlement Agreement (the "Settlement Agreement") resolving their claims in the Action;

WHEREAS, all defined terms used in this Order have the same meanings as set forth in the Settlement Agreement; and

WHEREAS, the Court has read and considered the Settlement Agreement and its attached exhibits, and has considered the arguments of counsel for the Parties in this matter and, good cause appearing, **IT IS HEREBY ORDERED** that the Motion for Preliminary Approval of Class Action Settlement and Approval of Class Notice is **GRANTED.**

**THE COURT FURTHER ORDERS AS FOLLOWS:**

1. The Settlement, including the exhibits attached thereto, is preliminarily approved in accordance with Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"),

---

[1] "National General" also includes National General Lender Services, Inc., QBE First Insurance Agency, Inc., Newport Management Corporation, Meritplan Insurance Company, and Balboa Insurance Company and the predecessors, successors, and/or each of their affiliates.

pending a final hearing on the Settlement as provided herein. The Court preliminarily finds that: (a) the proposed Settlement resulted from informed, extensive arm's-length negotiations, including five in-person mediation sessions under the direction of an experienced Court-appointed mediator, Professor Eric Green; (b) Class Counsel has concluded that the proposed Settlement is fair, reasonable and adequate; and (c) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of Settlement to the Settlement Class.

2. **Certification of the Settlement Class for Settlement Purposes Only**: Pursuant to Rule 23, and for the purposes of the Settlement only, the Court preliminarily finds and determines that (i) Settlement Class members are so numerous that joinder of all members would be impracticable; (ii) there are questions of law and fact common to the Settlement Class that predominate over individual questions; (iii) the Plaintiffs' claims are typical of the claims of the Settlement Class; (iv) Plaintiffs and Class Counsel can fairly and adequately represent and protect the interests of Settlement Class members; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering the interests of the Settlement Class members in individually controlling the prosecution of separate actions, the extent and nature of any litigation concerning the controversy already commenced by Settlement Class members, the desirability or undesirability of continuing the litigation of these claims in this particular forum, and the difficulties likely to be encountered in the management of a class action.

3. **Class Definition**: Pursuant to Rule 23, and for the purposes of the Settlement only, the Court herby certifies the Settlement Class, which consists of Wells Fargo Dealer Services ("WFDS") Customers who had a CPI Policy placed on their Account(s) that became effective at any time between October 15, 2005 and September 30, 2016 and Wells Fargo Auto Finance ("WFAF") Customers who had a CPI Policy placed on their Account(s) that became effective at any time between February 2, 2006 and September 1, 2011. The Settlement Class excludes: (a) customers who provided proof of Duplicative Insurance Coverage for the entire CPI Placement Period, resulting in a cancellation of the

policy in full before the scheduled CPI Billing Date; (b) customers who provided proof of Duplicative Insurance Coverage for the entire CPI Placement Period, resulting in a cancellation of the policy in full on or after the scheduled CPI Billing Date but before the payment due date reflected on the customer's first periodic statement reflecting any increased monthly payment amount due to the CPI premium; and (c) other customers who provided proof of Duplicative Insurance Coverage for the entire CPI Placement Period, resulting in a cancellation of the policy in full, and who did not pay a Duplicative CPI Premium or Duplicative CPI Interest, who were not assessed Assessed Fees during the CPI Impact Period that were not waived at the time, and who did not experience any negative credit reporting as a result of CPI as set forth in Section III(G) of the Settlement Agreement.

4. **Representative Plaintiffs**: Pursuant to Rule 23, and for purposes of the Settlement only, the Court finds that Plaintiffs Angelina Camacho, Odis Cole, Nyle Davis, Duane Fosdick, Regina-Gonzalez Phillips, Brandon Haag, Paul Hancock, Dustin Havard, Brian Miller, Analisa Moskus, Keith Preston, Victoria Reimche, Dennis Small, and Bryan Tidwell will fairly and adequately represent the interests of the Settlement Class in enforcing their rights in the Action and therefore appoints Plaintiffs as Representative Plaintiffs of the Settlement Class.

5. **Class Counsel**: Pursuant to Rule 23, and for purposes of the Settlement only, the Court appoints Baron & Budd, P.C., Robins Kaplan, LLC, Gerry, Schenk, Francavilla, Blatt & Penfield, LLP, Weitz & Luxenberg PC, the Gibbs Law Group, and Levin Sedran & Berman as Class Counsel.

6. **Settlement Fairness Hearing**: A hearing (the "Settlement Fairness Hearing") will be held before the Court on October 28, 2019, at 10:00 a.m. at the United States District Court, Central District of California, United States District Courthouse, 411 West Fourth Street, Courtroom 10D, Santa Ana, California 92701, to determine whether: (a) the proposed Settlement of the Action for at least $393.5 million to Plaintiffs and the Settlement Class should be finally approved by the Court as fair, reasonable, and

adequate; (b) the release by the Settlement Class of the Settlement Class Released Claims, as set forth in the Settlement Agreement, should be provided to Defendants; (c) to award Class Counsel attorneys' fees and expenses, which are to be paid separately by Defendants as set forth in the Settlement Agreement; (d) to grant Representative Plaintiffs' request for Service Awards, which are to be paid separately by Defendants as set forth in the Settlement Agreement; (e) an order should be entered barring and enjoining Plaintiffs and all Settlement Class Members from instituting, commencing, maintaining or prosecuting, either directly, indirectly, or in a representative capacity, any action in any court or tribunal asserting any Settlement Class Released Claims against Defendants; and (f) to rule upon such other matters as the Court may deem appropriate. The Settlement Fairness Hearing is subject to continuation or adjournment by the Court without further notice to the Settlement Class. The Court may approve the Settlement with such modifications as the Parties agree to, if appropriate, without further notice to the Settlement Class.

7. **Settlement Administration**: The Court approves the appointment of Epiq Class Action & Claims Solutions, Inc. ("Epiq") as the Settlement Administrator. Epiq shall administrate and manage the class notice procedure. As provided in the Settlement Agreement, all Notice and Administrative Costs shall be paid separately by Defendants.

8. **Class Notice**: The Court approves the form and substance of the Notice of Proposed Settlement of Class Action (the "Long Form Notice") and the Summary Notice of Proposed Settlement of Class Action (the "Summary Notice"), annexed hereto as Exhibits D and E to the Settlement Agreement.

   a. The Settlement Administrator shall cause the Long Form Notice, substantially in the form annexed hereto, to be mailed, by first class mail, postage prepaid, starting on Monday, August 12, 2019, to all Settlement Class Members.

   b. The Settlement Administrator shall cause the Summary Notice, substantially in the form annexed hereto, to be published in accordance with the

       Settlement Administrator's publication notice plan starting on Monday, August 12, 2019. The Long Form Notice, Summary Notice, and Settlement Agreement shall be posted on the website www.WellsFargoCPISettlement.com (the "Settlement Website") in forms available for download. The Settlement Administrator will establish and maintain the Settlement Website for this Action starting on Friday, August 9, 2019.

   c. Class Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of mailing of the Long Form Notice and publication of the Summary Notice, and establishment of the Settlement Website.

   d. The form and content of the Long Form Notice and the Summary Notice, and the method set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of the Federal Rules of Civil Procedure, due process, and all other applicable laws and rules.

   e. The form and content of the Long Form Notice and the Summary Notice, and the method set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto. The Court further finds that all of the notices are written in simple terminology, and are readily understandable by Settlement Class Members.

Class Counsel and counsel for Defendants are authorized to make, without further approval of the Court, minor changes to the form and content of the Long Form Notice, Summary Notice, and other exhibits that they jointly agree are reasonable or necessary.

   9. **Exclusion from the Settlement Class**: Settlement Class Members shall be bound by the Settlement and all determinations and judgments in this Action concerning the Settlement, including, but not limited to the releases provided for therein, whether

5

Case No.: 8:17-ML-2797-AG-KES

favorable or unfavorable, unless they (1) previously and validly exclude themselves from this Action in response to the Long Form Notice that will be mailed to Settlement Class members starting on Monday, August 12, 2019, or (2) request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request shall, no later than thirty (30) days before the Settlement Fairness Hearing, file a letter or other written document with the United States District Court for the Central District of California. Copies of such requests must be sent to Class Counsel at the addresses listed in the Long Form Notice. A request for exclusion must include all of the following information: (a) the Settlement Class Member's name, address, telephone number, and Wells Fargo loan number; (b) the following statement: "I do not want to be a member of the Settlement Class in *In Re Collateral Protection Insurance Litigation*, Case No., 8:17-ML-2797-AG-KES pending in the United States District Court for the Central District of California. I understand that it will be my responsibility to pursue any claims I may have, if I so desire, on my own and at my expense"; and (c) the Settlement Class Member's signature. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above. A Settlement Class Member's request for exclusion must be specific to themselves. Attempts to exclude multiple individuals as part of single request form are not allowed and shall be of no force or effect.

10. **Objecting to the Settlement**: Any Settlement Class Member can object to any part of the Settlement, at his or her own expense, individually or through counsel of his or her own choice. An objecting Settlement Class Member can give reasons why he or she thinks the Court should not approve the Settlement in part, or in full. To object, a Settlement Class Member must timely file a letter or other written document with the Court and submit the same to the Settlement Administrator. A Settlement Class Member's objection must include all of the following information: (a) the Settlement Class Member's name, address, telephone number, and Wells Fargo loan number; (b) a statement saying that he or she objects to the Settlement in *In Re Collateral Protection*

*Insurance Litigation,* Case No., 8:17-ML-2797-AG-KES and describing with specificity the nature and grounds for the objection; (c) a statement describing whether the objection applies only to himself or herself, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (d) the Settlement Class Member's signature.

If a lawyer is asserting an objection on behalf of a Settlement Class Member, the lawyer must also: (a) file a notice of appearance with the Court no later than thirty (30) days before the Settlement Fairness Hearing; (b) file a sworn declaration attesting that he or she represents the Settlement Class Member; and (c) file a sworn declaration that specifies the number of times during the prior five-year period that he or she has objected to a class action settlement on his or her own behalf or on behalf of a class member.

A Settlement Class Member (or his/her attorney) must file his or her written objection and any additional documents required above with the United States District Court for the Central District of California, and submit the same to the claims administrator, no later than thirty (30) days before the Settlement Fairness Hearing.

11. **Release**: Upon the entry of the Court's order for final judgment after the Settlement Fairness Hearing, Representative Plaintiffs and all Settlement Class Members shall be permanently enjoined and barred from asserting any claims as provided by the Settlement Agreement.

12. **Agreement to Be Bound**: All members of the Settlement Class who obtain any compensation pursuant to the Allocation Plan or the Distribution Plan shall be subject to and be bound by the provisions of this Settlement Agreement, Settlement Class Released Claims, and the Judgment with respect to all Settlement Class Released Claims.

///
///
///

13. **Schedule**

| Date | Court Adopted Date (if altered) | Event |
|---|---|---|
| Friday, June 14, 2019 | -------- | Defendants provided notice of the Settlement to the appropriate federal and state officials, as required by the Class Action Fairness Act (CAFA) |
| Monday, August 5, 2019 | _____, 2019 | Preliminary Approval Hearing |
| Monday, August 12, 2019 | _____, 2019 | Commencement of Class Notice |
| Friday, August 30, 2019 | _____, 2019 | Motions for Final Approval and Attorneys' Fees and Expenses filed |
| Thursday, September 5, 2019 | _____, 2019 | Completion of Class Notice |
| Monday, October 7, 2019 | _____, 2019 | Objection and Opt-Out Deadline |
| Monday, October 21, 2019 | _____, 2019 | Reply Memoranda in Support of Final Approval & Fee and Expense Application filed |
| Monday, October 28, 2019 at 10:00 a.m. | _____, 2019 at 10:00 a.m. | Settlement Fairness Hearing |

14. **Stay of the Action**: Upon entry of this Order, Plaintiffs and all Settlement Class Members shall be barred and enjoined from commencing, instituting, or continuing to prosecute any action or any proceeding of any kind (including, but not limited, to an action for actual damages, statutory damages, and/or exemplary or punitive damages) in any court of law, arbitration tribunal, administrative forum, or other forum of any kind worldwide, based on the Settlement Class Released Claims as provided by the Settlement Agreement

15. All motions and papers in support of the Settlement, Representative Plaintiffs' request for Service Awards and any application by Class Counsel for attorneys' fees and expenses shall be filed and served in accordance with the schedule set forth above. Any reply papers shall be filed no later than seven (7) calendar days prior to the Settlement Fairness Hearing.

16. If any specified condition to the Settlement is not satisfied and the Settlement is terminated, then, in such event, the Settlement, including any amendment(s) thereof, and this Order Preliminarily Approving Settlement and Providing for Notice, shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or referred to in any Action or proceedings by any person or entity for any purpose, and each Party shall be restored to his, her or its respective position as it existed prior to the execution of the Confidential Term Sheet.

17. The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class and may adjourn the Settlement Fairness Hearing without further notice to the Class.

18. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated: AUGUST 5, 2010

Honorable Andrew J. Guilford
United States District Court Judge